UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CRIMINAL ACTION NO. 4:18-CR-0595** |
| **GERMAN AGUILAR SEVILLA** | | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Aguilar Sevilla's Motion to Dismiss the Indictment. (Doc. No. 15.) Mr. Aguilar Sevilla argues that his original removal order was issued without the proper jurisdiction, because the Order to Show Cause failed to include a time and place for the hearing. (Doc. No. 15 at 1; Doc. No. 15-2 at 3.) The Court recently considered a similar argument in *United States v. Tzul*, No. 4:18-CR-0521-1, 2018 WL 6613348 (S.D. Tex. Dec. 4, 2018). In *Tzul*, this Court granted the defendant's motion to dismiss the indictment, because the Notice to Appear issued to the defendant failed to include a time and place of hearing, information which is definitionally required by 8 U.S.C. § 1229(a)(1)(G)(i), and by the Supreme Court in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Without a valid Notice to Appear, the immigration court was never vested with jurisdiction, and the prior order of removal was void. 8 C.F.R. §§ 1003.14(a), 1003.13 (2018).

The Court's decision in *Tzul* cannot be extended to the deportation proceeding at the heart of this case, which was initiated not by a Notice to Appear but by an Order to Show Cause

1

governed by 8 U.S.C. § 1252b.¹ The Order to Show Cause in Mr. Aguilar Sevilla's case was issued on March 8, 1997. (Doc. No. 15-2 at 1.) On that date, the regulation vesting jurisdiction in the immigration court upon the issuance of a "charging document" was in effect. 8 C.F.R. § 3.14(a) (1997) (renumbered § 1003.14 by Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824, 9830 (Feb. 28, 2003)). Further, the regulation defining, for the purposes of the jurisdictional regulation, a "charging document" as an Order to Show Cause was also in effect. 8 C.F.R. § 3.13 (1997) (renumbered § 1003.13 by Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824, 9830 (Feb. 28, 2003)).

However, in March of 1997 there was no analogue to 8 U.S.C. § 1229, which provides the statutory definition of a Notice to Appear. The relevant statutory definition was given in Section 1252b(2), which defined an Order to Show Cause. 8 U.S.C. § 1252b(2) (1994), *repealed by* Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208 § 308(b)(6), 110 Stat. 3009, 3624 (Sept. 30, 1996) (repeal effective on April 1, 1997).² That statute did not include a time and place requirement in the definition of an Order to Show Cause. The statute did require that a noncitizen be notified of the time and place of hearing, but specifically included language

---

¹ Many important changes in immigration law occurred throughout the 1990s. The Court wishes to emphasize that this Memorandum and Order considers only the statutory and regulatory landscape in effect on March 8, 1997. This Memorandum and Order does not address requirements for an Order to Show Cause in effect before the creation of § 1252b by the Immigration Act of 1990, Pub. L. No. 101-649 § 545(a), 104 Stat. 4978, 5061-62 (Nov. 29, 1990).

² The effective date is calculated as the "first day of the first month beginning more than 180 days after the date of the enactment of this Act [Sept. 30, 1996]." Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208 § 309(a)(2), 110 Stat. 3009, 3634 (Sept. 30, 1996). It is worth noting that Mr. Aguilar Sevilla's motion would be analyzed under an entirely different statutory regime had his deportation proceedings initiated with a Notice to Appear one month later in April of 1997.

allowing that notification to be given in a document other than the OSC.

> (2) Notice of time and place of proceedings
>
> In deportation proceedings under section 1252 of this title--
>
> > (A) written notice shall be given in person to the alien . . . , in the order to show cause *or otherwise*, of--
> >
> > > (i) *the time and place* at which the proceedings will be held . . . .

8 U.S.C. § 1252b(2) (1994), *repealed by* Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208 § 308(b)(6), 110 Stat. 3009, 3624 (Sept. 30, 1996) (repeal effective on April 1, 1997).

Confusingly, another relevant statute is 8 U.S.C. § 1252(b)(1), which in March of 1997 required the Attorney General to implement regulations providing that noncitizens "be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the *time and place* at which the proceedings will be held." 8 U.S.C. § 1252(b)(1) (1994) (emphasis added), *repealed via amendment by* Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208 § 306(a), 110 Stat. 3009, 3616 (Sept. 30, 1996) (amendments effective on April 1, 1997). This provision also cannot provide an analogue to § 1229, because it does not link the time and place requirement to the definition of the Order to Show Cause. *See e.g.*, *United States v. Mendez-Bello*, 2018 WL 6649512, at *2 (S.D. Cal. Dec. 19, 2018) ("*Pereira* has no applicability to proceedings conducted pursuant to Section 1252b, pre-IIRIRA."); *United States v. Torres-Medina*, 2018 WL 6345350, at *2 (E.D.N.C. Dec. 4, 2018) ("[D]efendant's removal hearing took place before the enactment of IIRIRA and therefore § 1252b, rather than § 1229(a), applied to his charging document, an Order to Show Cause."); *United States v. Fernandez*, 2018 WL 5929632, at *1 (E.D. Va. Nov. 13, 2018) ("It was only after IIRIRA, when the order to show cause and notice to appear were consolidated into a single notice, that the time and place of the

hearing even arguably became a jurisdictional requirement.").

Because there is no indication that the time and place requirement was *definitional* to the Order to Show Cause, the Court must **DENY** Defendant's motion to dismiss the indictment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 8th day of February, 2019.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE